VICTOR A. LAMBERT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 37974. Promulgated July 31, 1930.

*Joseph R. Little, Esq.*, for the petitioner.
*John D. Kiley, Esq.*, for the respondent.

444

OPINION.

SEAWELL: In effect what the petitioner here contends is that when amounts were received by him under his voting trust certificates, such amount thereof as he was required to pay over to Robert Lissauer under the contract referred to in our findings was not taxable to him, but was taxable to Robert Lissauer. On a consideration of the entire record, including the evidence offered in explanation of the inducements leading up to the contract, we are unable to sustain the petitioner's contention. What, in effect, occurred was that a contract was entered into and carried out through which the petitioner (son of the partner who had a controlling interest in the partnership) was permitted to become a stockholder in a corporation which was organized to succeed the partnership. After the corporation was organized and the stock issued, we find that one partner had the same interest in the corporation that he had in the partnership, but that the interests of the petitioner's father and the other partner were decreased 11 per cent and 9 per cent, respectively, and that the petitioner then had an interest of 20 per cent. A provision in the contract under which the petitioner came into the corporation was that for a period of five years the petitioner would pay to the partner whose interest was decreased 9 per cent an amount equal to $4\frac{1}{2}$ per cent of the net earnings of the corporation, such net earnings to be computed before the declaration and payment of dividends and the payment of taxes. The record is silent as to any relationship, by blood or otherwise, between the partner to whom the payments were to be made and the petitioner. While the contract states that stock was to be issued to the petitioner on account of a paying in on his part of the good will of the partnership, little significance can be attached to this feature, for the reason that the petitioner was not a member of the partnership and was unable to state how he came to own such good will. A reasonable interpretation of the entire situation would seem to be that the partner whose interest in the business was decreased required that some payment be made to him on account of this reduction and that what the petitioner was doing through the payments in question was nothing more than making payments on account of his becoming a stockholder in the corporation.

That the payments were not made to the corporation would not seem to be material. The corporation was not a party to the contract in question and, as far as the corporation was concerned, what-

ever dividends were declared by the corporation on the stock issued to petitioner were payable to him. There is nothing in the record to show that the total amounts received by the petitioner from the corporation and reported by him on his return were other than dividends declared and paid in the usual manner. What the petitioner asks is that a deduction be allowed from these amounts because petitioner was required under a contract to make certain payments to another stockholder. We fail to see justification either for excluding any amount from the dividends as received, or for allowing a deduction on account of the payments made. In fact, under the contract, it would seem that the declaration and payment of dividends by the corporation to the petitioner are not necessary before · an obligation arises on the part of the petitioner to make the payments in question. What the petitioner was required to pay each year was an amount equal to the net earnings on 450 shares of stock, computed before the declaration and payment of dividends and before the payment of taxes. Ordinarily, such an amount would certainly not be the same as annual dividend payments. If payments should be made in excess of dividends or when no dividends were paid, it would hardly be contended that the amount paid when not received as a dividend constitutes an allowable deduction, and we think the same reasoning requires the disallowance of a deduction on account of any amount thus paid. The case of *Maud Dunlap Shellabarger* v. *Commissioner*, 38 Fed. (2d) 566, on which petitioner relies, involves an entirely different situation, the decision as to which we do not consider decisive of the issue here presented.

*Judgment will be entered for the respondent.*